UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                                    Chapter 11

77 Varet Holding Corp.,                                        Case No. 22-42316-NHL
162-164 82nd St. LLC,                                          Case No. 22-42569-NHL

                                      Debtors.                       Jointly Administered
-------------------------------------------------------------x

**ORDER CONFIRMING THE DEBTORS' REVISED SECOND AMENDED
CHAPTER 11 JOINT PLAN OF REORGANIZATION PURSUANT TO
11 U.S.C. SECTION 1129 AND CONFIRMING RESULTS OF AUCTION SALE
AND APPROVING THE SALE OF THE DEBTORS' REAL PROPERTY**

       This Court having considered (i) the Debtors' Revised Second Amended Chapter 11 Joint Plan of Reorganization [ECF No. 80] (the "Plan") filed by 77 Varet Holding Corp. ("Varet") and 162-164 82nd St. LLC (the "Owner" and, collectively with Varet, the "Debtors"); (ii) the Debtors' Revised Second Amended Joint Disclosure Statement [ECF No. 81] (the "Disclosure Statement"); (iii) the Order dated June 16, 2023 approving the Disclosure Statement and scheduling a hearing to confirmation of the Plan [ECF No. 85] (the "Scheduling Order"); (iv) the Certification of Balloting filed by J. Ted Donovan [ECF No. 91] (the "Certification of Ballots"); (v) the Declaration of Kevin J. Nash on behalf of the Debtors, dated June 26, 2023 [ECF No. 92], the Supplemental Declaration of Kevin J. Nash dated June 27, 2023 [ECF No. 94], and the Declaration of Ruben Azrak dated June 27, 2023 [ECF No. 95] (collectively, the "Supporting Declarations") all in support of confirmation of the Plan; and (vi) the Notice of Auction Results filed by the Debtors [ECF No. 84] following the auction of the Owner's real property located at 162-164 East 82nd Street, New York, New York (the "Property") conducted by the Rosewood Realty Group ("Rosewood") on June 15, 2023 pursuant to bidding procedures approved by the Court by Order dated April 12, 2023 [ECF No. 66] as supplemented by Stipulation and Order dated June 2, 2023 [ECF No. 71] (collectively, the "Bidding Procedures Orders"), at which time the Debtors' secured

creditor, East 82nd Holdco LLC (the "Lender") exercised its right to credit bid pursuant to 11 U.S.C. §363(k) and made the highest and best bid in the amount of $17,550,741.22 for itself and on behalf of its designee (the "Buyer"); and the Court having found that the Solicitation Package consisting of a copy of the Scheduling Order, the Plan, Disclosure Statement and a ballot was transmitted to all required parties and due and proper notice was given of the confirmation hearing conducted on June 27, 2023 and adjourned to June 29, 2023 (collectively, the "Confirmation Hearing") in compliance with the Scheduling Order; and the Court having accepted the proffer made during the Confirmation Hearing by Kevin J. Nash on behalf of the Debtors (the "Proffer"); and upon the Declaration of Robert Johnson of the Lender attesting that the Lender is a good faith purchaser of the Property [ECF No. 96]; and the limited objection of the U.S. Trustee to the retention of David Goldwasser and his company as proposed CRO (the "Proposed CRO") [ECF No. 87] (the "Limited Objection") having been resolved based upon the parties' agreement that all objections of the U.S. Trustee to the Proposed CRO are preserved to the fullest extent possible and nothing contained herein shall be deemed a determination regarding the retention of the Proposed CRO or entitlement to any fees, it being agreed that all matters relating to the Proposed CRO will be heard and addressed post-confirmation based upon a separate application with the Court retaining jurisdiction to consider those matters; Now, based upon the entirety of the record compiled during the bankruptcy cases and the Confirmation Hearing, and after due deliberation thereon, and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED as follows:**

A. Findings of Fact and Conclusions of Law. The Findings and Conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

    i.    Varet filed a voluntary Chapter 11 petition on September 21, 2022. Subsequently, Owner filed its own voluntary petition on October 14, 2022. Thereafter, the Debtors have continued in possession and management of their respective assets as debtors-in-possession pursuant to 11 U.S.C. §§1107 and 1108. The cases are being jointly administered pursuant to Order dated December 20, 2022 [ECF No. 25].

    ii.    At the Confirmation Hearing, all interested parties appeared, the Plan was confirmed, the auction results were approved and the sale of the Property was finally authorized, and the Court directed that an order to that effect be submitted.

B.    <u>Jurisdiction and Venue</u>.  The Bankruptcy Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N) and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, and the sale of the Property should be approved.

C.    <u>Solicitation and Notice.</u>  As evidenced by the affidavit of service and Certification of Balloting, the Solicitation Package was transmitted and served in accordance with the terms of the Scheduling Order.

D.    <u>Good Faith Solicitation and Section 1125(e) of the Bankruptcy Code.</u>  The Debtors have solicited acceptances of the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

E.    <u>Voting.</u>  As evidenced by the Certification of Balloting, the Plan was accepted by at least one impaired class of creditors in that Classes 3 and 4 voted to accept the Plan, with the Insider votes of Classes 5 and 6 not counted.

F.    <u>Feasibility</u>. Based upon the sale of the Property to the Lender, the Debtors will have sufficient funds to consummate the Plan.

# COMPLIANCE WITH THE REQUIREMENTS
# OF SECTION 1129 OF THE BANKRUPTCY CODE

A.      The record of the Confirmation Hearing supports the Findings of Fact and Conclusions of Law set forth in the following paragraphs.

1. <u>Section 1129(a)(1) of the Bankruptcy Code.</u> The Plan complies with the applicable provisions of the Bankruptcy Code including 11 U.S.C. §§ 1123(a)(5), 1124(2) and 1129.

2. <u>Section 1129(a)(2) of the Bankruptcy Code.</u> The Debtors have complied with the applicable provisions of the Bankruptcy Code.

3. <u>Section 1129(a)(3) of the Bankruptcy Code.</u> The Plan has been proposed in good faith and is the result of arm's length negotiations between the Debtors and the Lender.

4. <u>Section 1129(a)(4) of the Bankruptcy Code.</u> All payments to be made for professional fees and expenses remain subject to approval by the Bankruptcy Court as being reasonable.

5. <u>Section 1129(a)(5) of the Bankruptcy Code.</u> Disclosure has been made regarding the future management of the Reorganized Debtor.

6. <u>Section 1129(a)(6) of the Bankruptcy Code.</u> Section 1129(a)(6) of the Bankruptcy Code is not applicable. The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency.

7. <u>Section 1129(a)(7) of the Bankruptcy Code.</u> The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code because the mortgage debt together with the costs of liquidation exceed the value of the Property, such that, absent confirmation of the Plan, there would be no funds to pay unsecured creditors.

8. <u>Section 1129(a)(8) of the Bankruptcy Code.</u> The requirements of Section 1129(a)(8) of the Bankruptcy Code are satisfied in that the holders of Classes 3 and 4 have voted to accept the Plan.

9. <u>Section 1129(a)(9) of the Bankruptcy Code.</u> The Plan provides for the proper treatment of Administrative Claims.

10. <u>Section 1129(a)(10) of the Bankruptcy Code.</u> Section 1129(a)(10) of the Bankruptcy Code has been satisfied because Classes 2 and 3 are impaired classes of non-insiders and have voted to accept the Plan.

11. <u>Section 1129(a)(11) of the Bankruptcy Code.</u> Based upon the Supporting Declaration and the sale of the Property confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtors.

12. <u>Section 1129(a)(12) of the Bankruptcy Code.</u>  All fees due and payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date.

13. <u>Section 1129(a)(13) (14), (15) and (16) of the Bankruptcy Code.</u>  Sections 1129(a)(14), (15) and (16) of the Bankruptcy Code are not applicable to the Debtors' Chapter 11 Cases.

14. <u>Satisfaction of Confirmation Requirements.</u>  Based upon the foregoing, and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan satisfies all of the requirements for confirmation set forth in Section 1129(a) and (b) of the Bankruptcy Code.

## COMPLIANCE WITH THE REQUIREMENTS
## OF SECTION 363(b) AND (f) OF THE BANKRUPTCY CODE

B.  The record of the Confirmation Hearing supports the Findings of Fact and Conclusions of Law set forth in the following paragraphs.

1. Rosewood has marketed the Property and conducted the sale process in good faith, and in compliance with the approved bidding procedures.

2. The auction process afforded a fair and reasonable opportunity for any third party to make an offer to purchase the Property and resulted in the highest and best offer being made by the Buyer.

3. The auction was conducted without collusion, in good faith, and on an arms'-length basis.  Neither the Debtors nor the Lender or Buyer have engaged in any conduct that would cause or permit the sale to be avoided under § 363(n) of the Bankruptcy Code.

4. The Sale will effectuate a legal, valid, enforceable, and effective transfer of the Property and will vest the Buyer with all of the Debtors' right, title, and interest in the Property, free and clear of all liens, claims, and interests.

5. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for this Court to approve the Sale to the Buyer pursuant to § 363(b) and (f) of the Bankruptcy Code in furtherance of the Plan.

6. The Lender or Buyer is a good-faith purchaser under § 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

7. The Owner, the Lender and Buyer are prepared to effectuate a closing with respect to the sale of the Owner's Property upon the entry of this Order.

**Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:**

A.  **Confirmation of Plan**

1. The Limited Objection having been resolved as set forth herein, the Plan, to the extent, if any, amended hereby is CONFIRMED pursuant to Section 1129 of the Bankruptcy Code and shall be effective immediately upon entry of this Order.

2. The Debtors are hereby authorized to take any and all actions and execute and deliver any and all agreements, instruments, and documents that they deem necessary and appropriate to effect and consummate the Plan and carry out this Order, including but not limited to, the closing on the sale of the Property, and the distribution of the proceeds of the sale in accordance with the Plan and this Order.

3. All actions contemplated by the Plan and authorized by this Order shall be deemed authorized and approved in all respects (subject to the provisions of the Plan) in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and having the same effect of such authorizations and approvals under such laws.

B.  **Approval of the Sale of the Property**

4. The sale of the Property to the Buyer shall be free and clear of all liens, claims and taxes, pursuant to 11 U.S.C. §363(b) and (f) is approved based upon the Lender's credit bid rights under 11 U.S.C. §363(k), plus the Lender's payment at closing of the "<u>Residual Plan Payments</u>", as defined in the Plan and consisting of an amount sufficient to pay all allowed Administrative Claims as capped pursuant to the Cash Collateral Stipulation, U.S. Trustee fees and allowed Priority Claims, plus payment of allowed non-insider General Unsecured Creditors in full subject to a $50,000 cap.

5. Pursuant to § 363(b) of the Bankruptcy Code, the Debtors are authorized and directed to execute and deliver, perform under, consummate, implement, and comply with all deeds, instruments, and other documents and agreements that may be reasonably necessary to consummate the sale free and clear of all claims, liens, taxes and interests (the "Closing").

6. At the Closing, in accordance with the Plan, the Lender shall pay to the Disbursing Agent all sums necessary to pay allowed administrative expense claims and professional fees as previously capped under the Cash Collateral Stipulation, all allowed Priority Claims, plus fund a payment of up to $50,000 for the benefit of Class 4 non-insider General Unsecured Creditors. The Lender may use all or a portion of the cash collateral funds in the DIP accounts for this purpose.

7. Except as otherwise expressly provided herein, at the Closing (a) title to the Property shall be transferred by Owner to the Buyer, and such transfer shall constitute a legal, valid, binding, and effective transfer of the Property pursuant to § 363(f) of the Bankruptcy Code, whereupon the Buyer shall be fully vested with title to the Property to be disposed of in the Lender's sole discretion and for the Lender's and Buyer's sole benefit, (b) all funds, if any, deposited by tenants of the Property as security for their respective leases, whether held by the Debtors in accounts or otherwise, shall be transferred to the Buyer, and (c) to the extent in its possession, custody, or control, Owner or prior managing agent shall deliver or cause to be delivered to Buyer (i) all original lease files, and (ii) all available paperwork relating to capital improvements performed at the Property, including, but not limited to, individual apartment improvements.

8. The sale of the Property and delivery of a deed to the Buyer is done pursuant to and in furtherance of the confirmed Plan and shall be fully exempt from the payment of all state and city transfer, deed, and recording taxes under 11 U.S.C. §1146(a).

9.  The Lender or Buyer is a good-faith purchaser under § 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby based upon the separate submission of the Lender.

**C.   Distribution to Creditors**

10.  Notwithstanding anything to the contrary in the Plan, Goldberg Weprin Finkel Goldstein LLP, as Disbursing Agent, is authorized to disburse funds on behalf of the Reorganized Debtors in accordance with the provisions of the Plan to the Debtors' other creditors, after all claims are reconciled and any objections are decided.  The Disbursing Agent is not required to post a bond.

**D.   Substantive Consolidation**

11.  Upon the entry of this Order, the two Debtors shall be deemed substantively consolidated into one Reorganized Debtor known as 77 Varet Holding Corp.

**E.   Executory Contracts**

12.  The Debtors' existing residential leases with the tenants at the Property are hereby deemed assumed pursuant to 11 U.S.C. § 365, with the cure of any defaults relating to the condition of the apartments or remediation of outstanding violations to be made in the regular course of business and without the need for the filing of a cure claim.

13.  The Debtors' existing month to month management contract with its current third-party management company Choice NY Management LLC ("Choice NY") is hereby rejected and terminated pursuant to prior written agreement between the Debtors and Choice NY approved by Order of this Court dated June 2, 2023 [ECF No. 73], pursuant to which, *inter alia*, Choice NY has waived any rejection claim against the Debtors.

**F.     Binding Effect**

14.     In accordance with § 1141(a) of the Bankruptcy Code, the terms of the Plan shall be immediately effective and enforceable and shall bind the Debtors and their respective estates, successors, and assigns, all creditors of and equity holders in the Debtors, whether or not such holders of Claims or Equity Interests have accepted this Plan, and any and all other parties in interest, including, without limitation, any and all holders of liens, claims, and other interests of any kind or nature whatsoever.

**G.     Retention of Jurisdiction**

15.     This Court hereby retains jurisdiction pursuant to and for the purposes of Sections 105, 1127 and 1142 of the Bankruptcy Code and for such other purposes as may be necessary and useful to aid in the confirmation, consummation, and implementation of the Plan including, but not limited to (a) compel delivery of the Property or performance of other obligations owed to or by the Lender; (b) resolve any disputes arising under or related to the sale; (c) interpret, implement, and enforce the provisions of this Order; (d) ruling on final professional fee applications, administrative expense claims and the retention of the proposed CRO and payment of fees; and (e) entering a final decree.

**H.     Notice of the Effective Date of the Plan**

16.     Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), within three business days of the occurrence of the Plan's Effective Date, the Debtors are authorized and directed to file a notice of the entry of this the Effective Date, which shall expressly notify all creditors and parties in interest of the Effective Date of the Plan.

**I.     Post-Confirmation**

17.     The Debtors shall continue filing monthly operating reports through the Effective Date of the Plan, including filing any reports that were due and outstanding as of the date of this Order.

18.     Beginning on the Effective Date of the Plan, the Debtors shall file post-confirmation status and disbursement reports utilizing the forms promulgated pursuant to 28 CFR § 58.8 , in compliance with the forms promulgated by the U.S. Trustee in line with "Procedures for Completing Uniform Periodic Reports in Non-Small Business Cases Filed Under Chapter 11 of Title 11, 85 FR 82905 (2020),"on the 20th day following the end of the quarter until the entry of an order closing the Chapter 11 case, or until entry of an order dismissing or converting the Chapter 11 case and shall schedule quarterly post-confirmation status conferences.

19.     The Debtors shall pay to the United States Trustee all fees due and payable by the Debtors, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtors' Chapter 11 cases are either dismissed, converted to Chapter 7, or until a final decree is entered closing the Debtors' Chapter 11 cases, whichever is earlier.

20.     Pursuant to 11 U.S.C. § 350(a) and EDNY LBR 3022-1, the Debtors shall file a motion for a final decree with the Court (on notice to the U.S. Trustee) within 14 days following the full administration of the Debtors' estates.

**J.     This Confirmation Order is Controlling**

21.     In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern.

**K.     This Confirmation Order Shall Be Immediately Effective**

22.     Notwithstanding Bankruptcy Rules 3020(e) or 6004(h), this Order shall be effective and enforceable immediately upon entry.

**L.      Full Reservation of Rights of U.S. Trustee to Object to the Retention of the Proposed CRO and Payment of Fees**

23.     All rights of the U.S. Trustee to object to the proposed retention of the Proposed CRO and payment of fees are expressly preserved. Thus, nothing relating to confirmation of the Plan hereunder shall be deemed approval of the retention of the Proposed CRO directly or indirectly, including the right to seek disgorgement.



Dated: June 29, 2023
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge